IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51074
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL E. GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1846-DB
--------------------
August 29, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

Daniel E. Garcia appeals his conviction and sentence under 18 U.S.C. § 666 for conversion of federal funds. Garcia contends that the district court's denial of his requests for additional funds for an expert witness deprived him of a fundamentally fair trial. He asserts that the evidence was insufficient to establish that he knowingly converted Amtrak funds. He challenges the findings that the amount of loss exceeded $40,000 and that his offense involved more than minimal planning.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Determinations regarding the need for expert testimony are made on a case-by-case basis. United States v. Theriault, 440 F.2d 713, 715 (5th Cir. 1971). The district court complied with 18 U.S.C. § 3006A(e)(1) and (3), which caps the compensation for an expert witness at $1,000 and which provides that payment in excess of $1,000 may be certified "as necessary to provide fair compensation for services of an unusual character or duration" by a judge if the expert's "services were rendered in connection with a case disposed of entirely before him." Garcia did not establish that the denial of pretrial certification of additional funds under § 3006A(e)(3) was necessary to compensate and expert for services of an unusual character or duration and that the denial deprived him of a fair trial.

We determine whether any reasonable trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. United States v. Ortega-Reyna, 148 F.3d 540, 543 (5th Cir. 1998). We consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in support of the verdict. Id.

Garcia's sole challenge to the sufficiency of the evidence is whether the Government proved that he knowingly converted Amtrak funds. The evidence showed that Garcia was not making timely bank deposits, he was substituting future sales to account for prior missing funds in bank deposits, he was aggregating

sales from various dates, and he was not keeping proper records. He had access to the locked storage compartment for the Amtrak sales, and he had knowledge of money shortages and incidents of tampering with the locked box; yet, he did not report any shortages or problems to superiors. Garcia admitted that he was attempting to replace lost money. The jury was free to discredit Garcia's testimony that he did not take the money that was missing from Amtrak. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992).

We review a finding on the amount of loss for clear error. United States v. Hammond, 201 F.3d 346, 350 (5th Cir. 1999). "The court need only make a reasonable estimate of the loss" based on the evidence. U.S.S.G. § 2B1.1, comment. (n.3).

The evidence established that the total amount of loss excluded expenditures that may have reduced the total amount of loss as well as sales that may have increased the amount of loss. The margin of error was plus or minus either way. The district court adopted the amount of loss reported in the presentence report, and Garcia did not present evidence to rebut the presentence report; thus, Garcia has not shown clear error concerning the amount of loss. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

The district court correctly applied the 2000 version of the Sentencing Guidelines, which authorized an offense level increase for more than minimal planning. See 18 U.S.C. § 3553(a)(4)(A).

Our review of the finding that the offense involved more than minimal planning is for clear error.  United States v. Lage, 183 F.3d 374, 384 (5th Cir. 1999).  The increase for more than minimal planning is warranted when "affirmative steps were taken to conceal the offense" and is "deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune."  U.S.S.G. § 1B1.1, comment. (n.1(f)).

The evidence revealed shortages in Amtrak sales in the period October 1996 through May 2000.  During this period, Garcia repeatedly made late deposits and used "lapping" and "lumping" to conceal the cash shortages.  Garcia has not shown that the district court clearly erred by increasing his offense level for more than minimal planning.  Lage, 183 F.3d at 384.  Accordingly, the judgment of the district court is AFFIRMED.